IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:26-cv-649

| | |
|---|---|
| Yehonatan Kapach,<br><br>Plaintiff,<br><br>v.<br><br>Cabarrus County, North Carolina et al.,<br><br>Defendants. | **DEFENDANT SHANLEY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT LR 7.2** |

NOW COMES Defendant District Attorney Ashlie P. Shanley ("Defendant Shanley") for North Carolina's 25th Prosecutorial District, by and through undersigned counsel, and respectfully submits this Memorandum of Law in support of her Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Introduction**

Plaintiff Yehonatan Kapach asks this Court to hold a prosecutor personally liable for decisions she during made a traffic court proceeding. Plaintiff's claims should be dismissed with prejudice.

The claims against Defendant Shanley should be dismissed for three reasons. First, the Amended Complaint fails to state any plausible claim for relief. Its allegations are conclusory, unsupported by specific facts, and deficient on their face. Second, Defendant Shanley is entitled to qualified immunity because the Amended Complaint does not allege that she violated a clearly established constitutional right. Third, and in the alternative, to the extent the Amended Complaint is construed to challenge Defendant Shanley's advocative conduct, absolute prosecutorial immunity bars those claims. The Supreme Court and the Fourth Circuit have held that absolute immunity extends to advocative functions. The Amended Complaint is exactly the kind of vexatious litigation that prosecutorial immunity exists to prevent. For these reasons, the claims against Defendant Shanley should be dismissed with prejudice.

**Statement of the Case**

On July 8, 2026, Plaintiff Yehonatan Kapach ("Plaintiff") commenced this action in the Middle District of North Carolina by filing a *pro se* complaint consisting of eighty-seven pages, sixteen exhibits, and 117 paragraphs. (DE 1; DE 1-1–DE 1-17)

On August 12, 2026, Defendant Shanley filed a Motion to Dismiss and supporting memorandum of law. (DE 8, DE 9)

On September 8, 2026, Plaintiff filed the operative amended complaint ("Amended Complaint"), asserting new claims and naming additional parties who were not identified in the original complaint. (DE 21) The Amended Complaint names Defendant Shanley in her individual capacity. (DE 21 at 1) Plaintiff also names Cabarrus County, Van Shaw as Sheriff of Cabarrus County, Ryan Boyce as Director of the North Carolina Administrative Office of the Courts in his official capacity, North Carolina Administrative Office of the Courts, an unnamed assistant district attorney ("ADA Doe"), and multiple unnamed clerks and court officials. (DE 21 at 1).

On July 21, 2026, Plaintiff attempted to serve Defendant Shanley but did not receive a signature for the certified mail (DE 3); therefore, on July 28, 2026, Plaintiff sent another complaint and summons through certified mail that was left with an individual at Defendant Shanley's residence. (DE 7 at 4) Defendant Shanley now timely files her Motion to Dismiss all claims, and files this brief in support of that motion.

## Statement of Alleged Facts

The following statement of facts is drawn from the allegations set forth in Plaintiff's Amended Complaint, which, for purposes of this motion, the Court must accept as true. (DE 21)

On January 11, 2025, Plaintiff received a citation for failing to stop at a stop sign which remains pending in Cabarrus County District Court. (DE 21, ¶¶33-34). On February 6, 2026, Plaintiff appeared in Cabarrus County District Court, but the officer who issued the citation did not. (DE 21, ¶¶61-62). Plaintiff requested to proceed before a judge, to enter a dismissal of the case, or to proceed with his hearing. (DE 21, ¶63). However, ADA Doe addressed Plaintiff "regarding the disposition of his case" and assigned him a new hearing date, "without any judicial order, without a hearing, and without Plaintiff's consent." (DE 21, ¶¶ 65-66). Plaintiff requested ADA Doe's identification, which ADA Doe allegedly refused to provide. (DE 21, ¶67). However, "because the courthouse regime denied Plaintiff the use of his device, he had no means to record or preserve the identity of [ADA] Doe or the substance of the exchange." (DE 21, ¶68).

Plaintiff then approached Defendant Shanley in the courtroom and requested her identification. (DE 21, ¶70). Defendant Shanley identified herself as the district attorney and subsequently acknowledged her direct supervisory authority over the other prosecutors present in the courtroom. (DE 21, ¶71). However, Defendant Shanley did not identify ADA Doe, nor did she correct ADA Doe's refusal to identify himself. (DE 21, ¶72). In addition, Defendant Shanley "did not intervene in the resetting of Plaintiff's case without judicial authority." (DE 21, ¶72).

Plaintiff limits his claims against Defendant Shanley "to the extent she participated in or knowingly permitted supervisory or administrative conduct outside the core prosecutorial advocacy functions protected by absolute immunity." (DE 21, ¶20). Plaintiff acknowledges that the "entry of administrative orders governing the conduct of business in the courthouse are the responsibility of the judiciary" and that he "does not challenge the authority of the Senior Resident Superior Court judge and the Chief District Court Judge to enter such an order." (DE 21, ¶ 30).

Based upon these factual allegations, Plaintiff asserts 42 U.S.C. § 1983 claims alleging denial of access to the courts in violation of the First and Fourteenth Amendments (DE 21, ¶¶ 101-102) that restricted Plaintiff's "meaningful opportunity to file, to be heard, to obtain rulings, and to participate on substantially equal terms" under the Petition Clause and Due Process Clause of the Fourteenth Amendment. (DE 21 at 101).

Plaintiff further alleges that he was deprived of his right to procedural due process under the Fourteenth Amendment, on the grounds that Defendant Shanley "exercised supervisory authority over the prosecutors present" and "her contemporaneous presence, her acknowledgment of supervisory authority, and her failure to intervene or correct are alleged as basis of supervisory liability. (DE 21, ¶¶ 97, 108).

Plaintiff seeks to permit discovery and recover compensatory and punitive damages. (DE 21 at 28). Plaintiff requests a declaration that defendants' actions violated his constitutional rights. (DE 21 at 27) Additionally, Plaintiff requests this Court enter an order of "prospective injunctive

relief directed at defendants administrative and non-judicial practices." (DE 21 at 27).

**Legal Standards**

A complaint may be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the

court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the* defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (emphasis added). This plausibility analysis requires the court to examine whether the plaintiff pleads sufficient facts to plausibly allege a claim against each defendant named. *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023). While collective allegations in complaints are not always insufficient to survive a motion to dismiss, such allegations might not be sufficient to allow the court to infer liability as to each defendant and to satisfy the plaintiff's burden that the complaint "show" entitlement to relief. *Id.* at 126.

## Argument

### I. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR WHICH THIS COURT CAN GRANT RELIEF.

To properly allege a 42 U.S.C. § 1983 claim, a "plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011). As more specifically explained below, each of Plaintiff's purported claims fail either as a matter of law or due to insufficient factual allegations, or both. In short, even taking Plaintiff's factual allegations as true, the Amended Complaint simply does not and cannot state a claim upon which relief can be granted.

### A. Plaintiff fails to allege sufficient facts to plead a Fourteenth Amendment claim.

#### 1. Plaintiff fails to state a claim for a Procedural Due Process violation against Defendant Shanley.

Plaintiff alleges that Defendant Shanley violated his due process rights because she failed to provide: a meaningful opportunity to be heard, rulings on pending motions, and responses to discovery requests. (DE 21, ¶107). Plaintiff further alleges that Defendant Shanley "failed to intervene or correct" the administrative conduct of her subordinate, ADA Doe. (DE 21, ¶108).

The Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process

of law." U.S. Const. amend. XIV, § 1. To state a procedural due process violation, a plaintiff bears the burden to (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law. *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Essentially, due process requires that the person who may be deprived of a loss be given notice and opportunity to be heard. *Todman v. Mayor of Balt.*, 104 F.4th 479, 487 (4th Cir. 2024).

a. No constitutionally protected liberty interest

As a threshold matter, Plaintiff does not identify a protected liberty or property interest of which Defendant Shanley's alleged failure to intervene deprived him. Liberty interests protected by procedural due process are limited to interests recognized by the Constitution or state law or policy. *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012). Plaintiff identifies no constitutional provision, statute, or other source of law creating an unconditional right to discovery in district court matters, to rulings on pending motions by district attorneys, to control the calendaring of court dates, or to have the district attorney intervene in

her assistant district attorney's decision to continue a criminal matter. None of these potential bases are constitutionally protected interests, which dooms the Due Process claims.

First, a defendant does not have a constitutional right to a ruling from a district attorney on motions pending in his case. District attorneys cannot provide rulings on pending motions in court, only judges may hear motions and rule on them. N.C. Gen. Stat. § 7A-192

Second, there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *accord State v. Cook*, 362 N.C. 285, 290, 661 S.E.2d 874, 877 (2008). As such, "a state does not violate the Due Process Clause of the Federal Constitution when it fails to grant pretrial disclosure of material relevant to defense preparation but not exculpatory." *State v. Cunningham*, 108 N.C. App. 185, 195, 423 S.E.2d 802, 808 (1992) (citation omitted). In North Carolina, a defendant's right to discovery is conferred by our general statutes, and, thus, "[c]onstitutional rights are not implicated in determining whether the State complied with these discovery statutes."

*Cook*, 362 N.C. at 290, 661 S.E.2d at 877. The Amended Complaint does not identify particular evidence that was constitutionally required to be disclosed, that he was deprived of the disclosure, and does not explain how the nondisclosure of evidence implicates a due process violation. Therefore, Plaintiff cannot allege a constitutional violation of any federal or state due process right to discovery because no such right exists.

Additionally, Plaintiff's claims that Defendant Shanley violated his constitutional rights when she failed to act, yet those actions are not within Defendant Shanley's authority as a district attorney and do not arise to a constitutional violation of any federal or state due process right when she did not intervene with the assistant district attorney. In North Carolina, an assistant district attorney is fully authorized to carry out such duties of the district attorney as the district attorney may assign to him. §7A-61 (empowering district attorneys to "prosecute in a timely manner in the name of the State all criminal actions"), 7A-63 (providing for assistant district attorneys to aid district attorneys), *see also Williams v. North Carolina*, No.

1:23CV325, 2023 U.S. Dist. LEXIS 186790, at *10 (M.D.N.C. Oct. 18, 2023) (dismissing a complaint against an assistant district attorney for seeking a continuance of a criminal matter on the grounds of prosecutorial immunity).

Therefore, Plaintiff's fails to establish a constitutionally protected interest violated by Defendant Shanley.

2. No deprivation of due process

Even assuming Plaintiff possessed a protected interest, Plaintiff's procedural due process claim independently fails because the Amended Complaint does not plausibly allege that available state procedures were constitutionally inadequate.

The constitutional right of access to the courts does not create a freestanding right to litigate without inconvenience or frustration. Rather, a plaintiff must identify an actual injury resulting from the alleged denial of access. *See Lewis v. Casey*, 518 U.S. 343, 349–53 (1996). The Fourth Circuit has held that there is no procedural due process violation "unless and until the State fails to provide due process." *Tri County Paving, Inc. v. Ashe County*, 281 F.3d 430, 437 (4th Cir. 2002). The Amended Complaint does not

identify any such injury attributable to Defendant Shanley and echoes the scope of their duties within their prosecutorial role in the courtroom. (DE 21 at 7, ¶31). Plaintiff acknowledges "prosecutorial charging and advocacy decisions are the responsibility of the District Attorney." (DE 21 at 7, ¶31). Plaintiff "does not challenge any such decision." (DE 21 at 7, ¶31). Further, Plaintiff does not allege facts to establish how Defendant Shanley deprived him of an opportunity to be meaningfully heard. Plaintiff does not identify any legal claim, defense, filing, deadline, or proceeding that he was actually prevented from pursuing because of any action taken by Defendant Shanley. The Amended Complaint alleges that Plaintiff received another court date: another court date is yet another opportunity to be heard. (DE 21 at 72).

At most, Plaintiff disagrees with the assistant district attorney's decision to continue his stop sign case to a new date. However, that disagreement does not transform Defendant Shanley's failure to intervene into her depriving Plaintiff of a constitutionally protected liberty or property interest. *Burnette*, 687 F.3d at 181. Plaintiff's subsequent court date

preserves further opportunity to be heard and meaningfully engaged in the judicial process rather than absence of procedural safeguards. Plaintiff does not establish a cognizable, protected interest and the facts alleged in the Amended Complaint establish he had ample notice and opportunity to be heard on these matters. Therefore, this Court should dismiss this claim.

3. Plaintiff fails to plead a supervisory liability claim.

Although deprivation of a court hearing would likely constitute a due process violation, Plaintiff shows that his grievance is directed towards the misdemeanor prosecution by ADA Doe, not Defendant Shanley. Plaintiff's own Amended Complaint characterizes his claims against Defendant Shanley as fundamentally supervisory. (DE 21, ¶20).

Under the Fourth Circuit's supervisory liability framework, Plaintiff must allege adequately an underlying constitutional violation. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (holding that a supervisory liability claim requires that the plaintiff have suffered a constitutional injury). Section 1983 also requires personal involvement in the alleged constitutional violation. *Vinnedge*

*v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). A claim for supervisory liability

> requires that 1) the supervisor had actual or constructive knowledge that a "subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; 2) the supervisor's response to that knowledge was so inadequate as to demonstrate deliberate indifference or tacit authorization of the alleged practices; and 3) there was an "affirmative causal link" between the inaction and particular injury.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). To establish the first element, the plaintiff must allege that the challenged conduct is "widespread, or . . .to have occurred on several different occasions and to pose an unreasonable risk of constitutional injury." *Id*

Plaintiff fails to allege any facts to support a claim of widespread or multiple instances of the conduct in question. Plaintiff only describes what occurred with respect to Defendant Shanley's "contemporaneous presence" in traffic court. (DE 21, ¶72). This was a single interaction. (DE 21, ¶61). The Amended Complaint does not allege that Defendant Shanley received prior complaints concerning ADA Doe, that

ADA Doe routinely engaged in constitutional violations that Defendant Shanley had knowledge of, or that Defendant Shanley maintained a policy or practice to create a pervasive risk of alleged constitutional injury. As discussed above, Plaintiff cannot establish that Defendant Shanley's failure to intervene in ADA Doe's actions caused any constitutional injury.

As to the second element, Plaintiff does not plausibly allege facts that Defendant Shanley affirmatively authorized or encouraged ADA Doe's conduct resulting in a failure to supervise that manifests deliberate indifference. A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses." *Shaw*, 13 F.3d 799. The Amended Complaint contains no allegations about the district attorney's training policies, supervision protocols, or any pattern of similar constitutional violations that would put Defendant Shanley on notice of the need for corrective action. Plaintiff cannot satisfy the second element of supervisory liability because Defendant Shanley did not exhibit deliberate

indifference or implicit authorization of alleged wrongful conduct by ADA Doe.

Lastly, Plaintiff relies on bare supposition and does not allege sufficient facts to establish an affirmative causal link between the alleged lack of supervision and his alleged injury. In *Slakan,* the Fourth Circuit determined that the causal link in § 1983 cases are analogous to proximate cause. *Slakan v. Porter*, 737 F.2d 368, 376 (4th Cir. 1984). In other words, Defendant Shanley would be liable for the "natural consequences of [her] actions." *Id.* at 376.

Here, Plaintiff fails to plead non-conclusory facts describing what Defendant Shanley would have done had she intervened, how ADA Doe's acts would have changed, or what injury would have been avoided. Plaintiff speculates that Defendant Shanley's intervention would have altered the proceedings and otherwise would not demonstrate a deliberate indifference to ADA Doe's actions. Plaintiff fails to allege the elements to satisfy a supervisory liability claim. Therefore, these claims must be dismissed pursuant to Rule 12(b)(6).

### B. Plaintiff fails to allege sufficient facts to plead a First Amendment claim.

Plaintiff fails to state a claim against Defendant Shanley for interfering with his access to the courts. (DE 21, ¶101). The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech[.]" U.S. Const. amend I. The Amendment applies to the states through the Fourteenth Amendment. *Billups v. City of Charleston*, 961 F.3d 673, 682 (4th Cir. 2020).

The Petition Clause of the First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." *Thorne v. Bailey*, 846 F.2d 241, 244 (4th Cir. 1988). To state a claim for denial of access to the courts, the Supreme Court requires that "a plaintiff must allege some actual interference with his right of access and must produce actual injury or specific harm "to some litigation. *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996). The Fourth Circuit likewise requires a plaintiff to identify an actual injury resulting from the alleged denial. *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). A plaintiff "must show that the defendant's conduct resulted in something more than a 'de minimis inconvenience' to [his]

exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005).

Plaintiff failed to plausibly allege actual injury or any personal conduct by Defendant Shanley which prevented him from litigating his traffic court proceeding. *See Iqbal*, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution) In order for an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Vinnedge*, 550 F.2d at 928

Plaintiff alleges that the defendants violated his First Amendment rights by denying him meaningful access to the courts. (DE 21, ¶101). However, these allegations fall well short of stating a First Amendment claim. The Complaint does not identify what particular claim or defense, motion, evidence, or ruling Plaintiff was prevented from obtaining. Instead, Plaintiff alleges a single instance of a stop sign case continued to another day. This single delay does not

rise to the level of an actual interference with his right of access to court by any injury because Plaintiff has not been deprived of a court hearing or suffered specific harm alleged as a result of the continuance.

Plaintiff may contend that Defendant Shanley's failure to intervene allowed the alleged violations to continue, but Plaintiff fails to establish a constitutional injury that Defendant Shanley had a legal duty as a district attorney to prevent. The Amended Complaint does not identify any entitled right that Defendant Shanley violated to deny Plaintiff access to the courts. Having failed to sufficiently allege First Amendment claims under 42 U.S.C. § 1983, these claims must be dismissed pursuant to Rule 12(b)(6).

## II. QUALIFIED IMMUNITY BARS PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS AGAINST DEFENDANT SHANLEY.

Qualified immunity protects government officials from suit under § 1983 unless the (1) official violated a constitutional right, and (2) the right was clearly established at the time of the alleged conduct. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A "qualified immunity analysis typically involves two inquiries: (1) whether the plaintiff has established the violation of a constitutional

right, and (2) whether that right was clearly established at the time of the alleged violation." *Raub v. Campbell*, 785 F.3d 876, 881 (4th Cir. 2015). Courts can resolve these prongs in any order they deem appropriate. *Pearson*, 555 U.S. at 236. The Fourth Circuit has "emphasized repeatedly, '[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" *Raub*, 785 F.3d at 881. Qualified immunity protects official sued in their individual capacities. *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006). Plaintiff fails at both steps to overcome qualified immunity.

To begin, Plaintiff cannot satisfy the well-settled *Twombly/Iqbal* pleading standard because he fails to present particularized allegations of any kind against Defendant Shanley. Plaintiff generalizes his allegations by claiming that "Defendants" and "John/Jane Does" violated his rights. (DE 21, ¶102). Plaintiff fails to allege specific facts about exactly what Defendant Shanley personally did to violate his constitutional rights to nudge the claims from the conceivable to the plausible. *Langford*, 62 F.4th at 126. Because the Amended Complaint does not satisfy the minimal pleading

requirements against Defendant Shanley, all claims against her should be dismissed on these grounds.

Plaintiff cannot establish the first prong of qualified immunity because, for the reasons discussed above, the Amended Complaint does not plausibly allege that Defendant Shanley personally violated Plaintiff's First or Fourteenth Amendment rights. Even accepting the Amended Complaint's factual allegations as true, Plaintiff cannot satisfy the second prong to overcome qualified immunity.

Without factual allegations identifying the precise conduct at issue, the Court cannot determine whether any "clearly established" constitutional rule prohibited Defendant Shanley's conduct at the relevant time. *See Pearson*, 555 U.S. at 231. Plaintiff fails to establish that at the time of the challenged conduct in court in February 6 2026, Defendant Shanley had a constitutional obligation to intervene or risk a violation of a "clearly established statutory or constitutional right." *Id.* The Amended Complaint points to no constitutional amendment or provision holding that a district attorney who is present in a traffic court proceeding and observes another prosecutor's allegedly

improper conduct has a constitutional obligation to intervene in the manner Plaintiff demands. The clearly established inquiry must be particularized to the specific conduct alleged; Plaintiff cannot defeat qualified immunity by identifying only broad constitutional principles stated at a high level of generality. *Raub,* 785 F.3d at 881. Therefore, Plaintiff fails to satisfy the second prong of qualified immunity.

Plaintiff fails to identify how Defendant Shanley's acts violate Plaintiff's clearly established rights at the time of the continuance. Initially, the Amended Complaint attributes the alleged continuance, electronic device restrictions, and lack of language access to other actors. As to Defendant Shanley, Plaintiff alleges she was only present and in her role as district attorney when she acknowledged her supervisory authority and declined to intervene in Plaintiff's proceedings0 (DE 21, ¶108). These allegations do not establish a constitutional violation. Because Plaintiff fails to satisfy either prong, Defendant Shanley is entitled to qualified immunity, and this Court should dismiss all claims under Rule 12(b)(6).

## III. ALTERNATIVELY, TO THE EXTENT PLATINIFF ALLEGES ADVOCATIVE CONDUCT, THOSE PARTICULAR CLAIMS ARE BARRED BY ABSOLUTE PROSECUTORIAL IMMUNITY.

Generally, prosecutors are immune from civil suits arising out of the performance of their duties as advocates for the State. *Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976). Any decisions and actions "intimately associated with the judicial phase of the criminal process" enjoy absolute immunity from suit. *Id.* at 430. Absolute prosecutorial immunity protects prosecutors in their individual capacities. *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006). The purpose of absolute prosecutorial immunity is to ensure that prosecutors can exercise discretion when acting as advocates, including deciding whether and when to initiate criminal proceedings and presenting the State's case without fear of vexatious litigation. *Imbler*, 424 U.S. at 430–31. Absolute prosecutorial immunity also extends to actions "preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id.* at 431 n.33

Plaintiff expressly alleges that his claims against Defendant Shanley are limited to her purported supervisory and administrative conduct and do not challenge acts within

the protected sphere of prosecutorial advocacy. (DE 21, ¶ 97). The Court therefore need not resolve the scope of prosecutorial immunity to dismiss Plaintiff's claims for failure to state a constitutional violation and, alternatively, on qualified-immunity grounds. Nevertheless, to the extent Plaintiff's allegations are construed as challenging Defendant Shanley's participation in or decisions concerning the prosecution of his criminal case, those advocative functions are protected by absolute prosecutorial immunity.

In *Nero*, the Fourth Circuit succinctly summarized the Supreme Court's functional approach to determining whether a particular act falls into the advocative category. *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). Examples of advocative functions include professional evaluation of evidence presented by law enforcement officers, decisions about whether to seek an arrest warrant, participation in a probable cause hearing, preparation and filing of charging documents, and presentation of evidence at trial. *See Imbler*, 424 U.S. at 431; *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-

73 (1993); *Kalina v. Fletcher, 522 U.S. 118, 129,(1997)*; *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Absolute prosecutorial immunity turns on the "nature of the function performed" without regard to "the identity of the actor who performed it." *Buckley,* 509 U.S. at 271) The Supreme Court weighed the difference between administrative and advocacy activities in *Van de Kamp*, holding that a prosecutor performing an administrative task still enjoys absolute immunity if the act is done in service of an advocacy function. *Van de Kamp v. Goldstein,* 555 U.S. 335, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009). *See also Safar v. Tingle*, 859 F.3d 241, 249 (4th Cir. 2017) (holding a district attorney and his chief assistant were absolutely immune from liability related to training staff prosecutors on impeachment material and managing a trial-related information system.).

At all times relevant to this lawsuit, Defendant Shanley was the District Attorney for North Carolina's 25th Prosecutorial District. (DE 21, ¶97). The Amended Complaint raises claims against Defendant Shanley only based on her "supervisory authority and contemporaneous presence" in the courtroom. (DE 21, ¶72). The Amended Complaint further

alleges that Defendant Shanley is not protected by absolute immunity because she allegedly participated in or knowingly permitted supervisory or administrative conduct" outside of her role. (DE 21, ¶20). However, the "tasks of supervision…ha[s] sufficient judicial patina to grant prosecutorial immunity if the tasks are "directly connected with the prosecutor's basic trial advocacy duties" and "require legal knowledge and the exercise of related discretion." *Safar* at 344-346.

The "nature of the function" that Plaintiff takes issue with arises from Defendant Shanley's role in the judicial process, is directly connected to trial advocacy duties, and requires the exercise of related discretion. Plaintiff contends that Defendant Shanley acted unlawfully by not intervening in the assistant district attorney's decision to continue to prosecute Plaintiff by providing a new court date. (DE 21, ¶108). This conduct is "intimately associated with the judicial phase of the criminal process." *See Imbler*, 424 U.S. at 430. As district attorney, Defendant Shanley acted as an advocate, not "in the role of an administrator or investigative officer," when she decided not to intervene in

the misdemeanor prosecution of ADA Doe. As forementioned, she did not have the legal obligation to do so. In disclosing evidence (or not) and choosing to prosecute and exercising prosecutorial judgment regarding the traffic docket and whether to intervene or not, Defendant Shanley acted as an advocate, not "in the role of an administrator or investigative officer." *Imbler* at 430-31.

To the extent Plaintiff's allegations actually challenge decisions concerning the prosecution of his criminal case, including decisions concerning how the State would proceed, those functions are advocative. Thus, Defendant Shanley is entitled to prosecutorial immunity from Plaintiff’s claims, which must be dismissed pursuant to Rule 12(b)(6).

## Conclusion

For the foregoing reasons, Defendant Shanley respectfully requests that this Court grant her motion to dismiss Plaintiff’s Amended Complaint with prejudice.

Respectfully submitted, this the 22nd day of September, 2026.

JEFF JACKSON
ATTORNEY GENERAL

/s/Faiza Ali
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6679
Fax: (919) 716-6755
fali@ncdoj.gov
State Bar No. 63758
*Attorney for District Attorney Ashlie P. Shanley*

**CERTIFICATE OF WORD COUNT**

I hereby certify that this brief, including the body of the brief, headings and footnotes, but excluding the caption, signature lines, certificate of service, and any cover page or index not included, contains 5,014 words, and does not exceed the 6,250 word limit on briefs supporting motions and responsive briefs, or in a reply brief does not exceed the 3,125 word limit. *See* LR 7.3(d)(1).

Respectfully submitted,

/s/Faiza Ali
Assistant Attorney General
North Carolina Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on 22 September 2026, I electronically filed the foregoing DEFENDANT SHANLEY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT using the CM/ECF system, which will send notification to all counsel of record registered in that system and I hereby certify that I have mailed a copy to the following non CM/ECF participants:

Yehonatan Kapach
13929 Daltrey Lane
Charlotte, North Carolina 28277
*Plaintiff Pro Se*

Respectfully submitted, this the 22nd day of September, 2026.

/s/Faiza Ali
Assistant Attorney General
North Carolina Department of Justice