IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:26-CV-649-WO-JEP

| | |
|---|---|
| YEHONATAN KAPACH,<br><br>Plaintiff,<br><br>v.<br><br>CABARRUS COUNTY, NORTH CAROLINA; ASHLIE P. SHANLEY, DISTRICT ATTORNEY, IN HER INDIVIDUAL CAPACITY ONLY; JOHN DOE ASSISTANT DISTRICT ATTORNEY, IN HIS INDIVIDUAL CAPACITY; JOHN/JANE DOE CLERKS; JOHN/DOE COURT OFFICIALS,<br><br>Defendants | **DEFENDANT CABARRUS COUNTY, NORTH CAROLINA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

NOW COMES Defendant, Cabarrus County, North Carolina ("Cabarrus County") by and through undersigned counsel, and respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint [DE 21] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and LR 7.2 and 7.3.

## STATEMENT OF THE CASE

Plaintiff, Yehonatan Kapach, seeks to establish liability against Cabarrus County for alleged violations of his civil rights related to a state court traffic

proceeding conducted at the Cabarrus County Courthouse. Plaintiff's Amended Complaint appears to conflate the situs of the proceedings (Cabarrus Court Courthouse) with the control of court policies and procedures. Plaintiff's Amended Complaint sets forth conclusory allegations, without logical support, that fail to state a viable claim against Cabarrus County, and this Court should dismiss Plaintiff's Amended Complaint with prejudice as to Defendant Cabarrus County.

Plaintiff, Yehonatan Kapach ("Plaintiff") filed a *pro se* Complaint for Violation of Civil Rights on July 8, 2026. [DE 1]. Defendant Cabarrus County filed a Motion to Dismiss Plaintiff's Complaint, and Memorandum in support of said Motion, on August 27, 2026 [DE 13, DE 14].

On September 8, 2026, Plaintiff filed the First Amended Complaint [DE 21]. Plaintiff's Amended Complaint names additional parties, not included in the original Complaint; contends it "pleads with precision the division of responsibility" among the parties; and, pleads an additional "fact that occurred before this action was filed but was concealed from Plaintiff until after it was filed." [DE 21, ¶¶ 3, 4, 5]. Plaintiff concedes that his claims challenge only "administrative, ministerial, custodial, and access-related practices." [DE 21, ¶ 7].

Plaintiff's Amended Complaint asserts claims against Cabarrus County, pursuant to 42 U.S.C. § 1983 for denial of meaningful access to the courts under the First Amendment (Petition Clause) and Fourteenth Amendment (Count One);

for procedural due process pursuant to 42 U.S.C. § 1983 - Fourteenth Amendment (Count Two); for equal protection pursuant to 42 U.S.C. § 1983 - Fourteenth Amendment (Count Three); for intentional discrimination on the basis of national origin, pursuant to Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 2000d (Count Four); and, for Declaratory and Injunctive Relief, pursuant to 28 U.S.C. §§ 2201-2202. [DE 21]. Plaintiff seeks to recover compensatory and punitive damages, as well as declaratory and injunctive relief [DE 21, Prayer for Relief].

## STATEMENT OF ALLEGED FACTS

Plaintiff is a defendant in a state court action regarding a citation for failure to stop at a stop sign that remains pending. [DE 21, ¶¶ 33-4]. As a result of the pending citation, Plaintiff appeared for hearing on February 6, 2026, in Cabarrus County District Court at the Cabarrus County Courthouse. [DE 1, ¶ 61].

Plaintiff contends that Cabarrus County is "responsible for providing the courtrooms and judicial related facilities in which the events described in this pleading occurred." [DE 21, ¶¶ 17, 27]. Plaintiff concedes that his claims against Cabarrus County are "limited to administrative, facility-related and non-judicial functions" and "does not contend that the County controls judicial decision-making." [DE 21, ¶ 17].

The Amended Complaint appears to challenge the "physical conditional of the county-owned building" focusing on the "furniture and physical arrangement

of the courtroom itself." [DE 21, ¶¶ 32, 55A]. Specifically, Plaintiff alleges that "institutional actors are provided with tables and padded seating that afford a working surface, room for a computer and for papers, and space between seats, and that members of the public, including self-represented litigants who must present their own cases, are seated on benches without any working surface, without room for materials, and without space between one person and the next." [DE 21, ¶ 55B]. Thus, Plaintiff contends a "self-represented litigant is required to do in that seat what a represented party's lawyer does at a table: hold the file, find the document, take notes, and be ready when the case is called." [DE 21, ¶ 55C]. Plaintiff asserts this is "not a matter of comfort but of capacity to participate, and that it is provided by the County under a statute that names furniture in terms." Id.

Plaintiff further attempts to establish Monell liability stating that the alleged violations "arose from policies, established customs, widespread practices, and failures of training and supervision." [DE 21, ¶ 92]. With respect to Cabarrus County, Plaintiff alleges "the provisions of courtroom furniture and physical arrangements, under N.C. Gen. Stat. § 7A-302, which give institutional actors a working surface, room for materials and separation, and give self-represented litigants none, although a self-represented litigant must perform in his seat that work that a lawyer performs at a table; the absence of any functioning means by which a self-represented litigant may prepare or submit a filing from within the

building the County is required to provide; and, the County's exercise, or failure to exercise, its authority under N.C. Gen. Stat. § 153A-169 to supervise the use of county property in a manner that does not deny meaningful access." [DE 21, ¶ 93].

The remainder of the allegations in the Amended Complaint address Plaintiff's grievances related to other actors and events, and do not appear to alleged they fall within the division of responsibility attributed to actual alleged conduct by Defendant Cabarrus County.

## QUESTION PRESENTED

1. Is dismissal of Plaintiff's Amended Complaint warranted for failure to state a claim upon which relief can be granted?

## LEGAL ARGUMENT

In considering a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must assess the legal sufficiency of the allegations in the plaintiff's complaint. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). The plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996). However, while the court must take the facts in the light most favorable to the plaintiff, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable

conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

A complaint must contain sufficient factual allegations, which accepted as true, state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The complaint must plead sufficient facts to allow a court, drawing on "judicial experience and common sense" to infer "more than the mere possibility of misconduct." Iqbal, at 679. "Without such heft, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are merely consistent with a defendant's liability, fail to nudge claims across the line from conceivable to plausible." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009).

The court must construe a pro se complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). Yet, liberal construction will not permit a

district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 555, 570 (2007); see also Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). The "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, at 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

In order to state a valid claim under 42 U.S.C. § 1983, Plaintiff must "(1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person [or entity] acting under color of state law." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994), citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).

## I. PLAINTIFF'S FIRST AMENDED COMPLAINT IS SUBJECT TO DISMISSAL PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO DEFENDANT CABARRUS COUNTY.

Liability can extend to a municipality under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. There are four ways to extend liability to a municipality in this instance: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 217 (4th Cir. 1999).

**A. Plaintiff cannot establish liability under Monell.**

Cabarrus County "owns" but does not actually "operate" the courthouse. As Plaintiff concedes, under N.C. Gen. Stat. 7A-302, "the County is responsible for providing courtrooms and related judicial facilities (including furniture)…" [DE 21, ¶¶ 17, 55A]. While the county provides the facility, it does not exercise control over policy, proceedings, clerks, court personnel, or prosecutorial staff.

Plaintiff focuses his alleged 42 U.S.C. § 1983 claims in Count One, Two, and Three against Defendant Cabarrus County to the "provision of courtroom

furniture and physical arrangements." [DE, ¶ 93]. Plaintiffs must demonstrate some basis to hold the County directly liable. Liability can extend to a municipality under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Social Servs. of New York, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).

There are four ways to extend liability to a municipality in this instance: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 217 (4th Cir. 1999).

Here, Plaintiff's Amended Complaint does not actually plead any express policy, decision of a person with final policymaking authority, failure to train, or practice that is so persistent to constitute custom, that led to a constitutional violation. Moreover, the Amended Complaint alleges throughout only that Defendant Cabarrus County provided courtrooms and furniture as required under N.C. Gen. Stat § 7A-302. The fact that Plaintiff does not like the actual furniture

provided or the layout of the courtroom is of no concern. The provision of furniture within a courtroom is not an official policy to deny access, does not equate to any constitutional violation, and is insufficient to establish liability against Defendant Cabarrus County under Monell.

With respect to any contention regarding the "absence of any functioning means by which a self-represented litigant may prepare or submit a filing" from within the courthouse, Plaintiff fails to plead any facts to support the contention. Plaintiff conveniently fails to allege there are not tables for use by self-represented litigants within the courthouse - he limits it to the ability to prepare a filing within the courtroom. Moreover, the Amended Complaint concedes that the submission of filings deals with the judicial actors, such as the Clerk, rather than the County.

Therefore, because Plaintiff does not sufficiently allege any constitutional violation pursuant to 42 U.S.C. § 1983 attributable to Defendant Cabarrus County, this Court should dismiss Counts One, Two, and Three of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

**B. Plaintiff was not denied meaningful access or procedural due process.**

The Amended Complaint does not contain plausible factual allegations that the provision of furniture within the courtroom or the layout of the courtroom denied meaningful access or procedural due process. In order to state a procedural

due process violation, the plaintiff must set forth a protected liberty or property interest, and deprivation of the interest without due process of law. Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015).

Plaintiff does not allege any deprivation of his right to be heard. He simply contends that the furniture and layout of the courtroom forces him to hold the file, find the document, and take notes without a padded seat or table surface. Further, his pleading indicates this all takes place prior to his opportunity to be heard – noting is in order to be ready "when the case is called." [DE 21, ¶ 55C]. There is no action attributable to Defendant Cabarrus County that actually deprived Plaintiff of any "capacity to participate" "when the case is called."

Additionally, an actionable claim for a due process violation does not arise unless and until the State fails to provide due process. Tri County Paving, Inc. Ashe County, 281 F.3d 430, 437 (4th. Cir. 2002). Here, Plaintiff concedes his underlying traffic proceeding remains pending. [DE 21, ¶ 34]. Thus, Plaintiff has not actually been denied an opportunity to be heard.

Therefore, this Court should dismiss Counts One and Two of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

**C. Plaintiff did not suffer any unconstitutional treatment.**

Plaintiff's claims likewise must fail as the allegations of Plaintiff's Amended Complaint do not demonstrate any 1) disparate treatment from other individuals

similarly situated; 2) that any unequal treatment resulted from intentional discrimination, or, 3) that any differential treatment was not "justified under the requisite level of scrutiny." See generally, Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001).

To make out an equal protection claim, a plaintiff must "plead sufficient facts to demonstrate plausibly that they were treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." SAS Assocs. I, LLC v. City Counsel for the City of Chesapeake, Virginia, 91 F.4th 715, 720 (4th Cir. 2024); citing Equity in Athletics, Inc. v. Dep't. of Educ., 639 F.3d 91, 108 (4th Cir. 2011).

Plaintiff admits in the Amended Complaint that he does not contend "self-represented status is a suspect classification." [DE 21, ¶ 110]. He instead alleges intentional and irrational differential treatment in access to a public building and to court procedures. [DE 21, ¶ 103]. Yet, the Amended Complaint fails to set forth how Plaintiff was treated differently from others similarly situated without rational basis; or, an "extremely high degree of similarity" between himself and the institutional actors, such that any attempt at a class-of-one claim still falls short. SAS Assocs. I, LLC, 91 F.4th at 722.

Further, Plaintiff pleads no plausible discriminatory animus as the basis of any different treatment. Governmental policies often "by their nature involve

discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases treating like individuals differently is an accepted consequence of the discretion granted to governmental officials." Engquist v. Or. Dept. of Agric., 553 U.S. 591, 603 (2008). Equal protection does not require the "displacement of managerial discretion by judicial supervision." Id. at 609 (citing Garcetti v. Ceballos, 547 U.S. 410, 423 (2006).

Plaintiff's Complaint fails to state a plausible claim that he suffered any unconstitutional treatment as a self-represented litigant. Therefore, this Court should dismiss Count Three of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

**D. Plaintiff pleads no facts regarding actions of Cabarrus County as to any claim for Intentional Discrimination on the Basis of National Origin.**

Even if Plaintiff's Amended Complaint contained sufficient plausible facts to establish a claim for intentional discrimination on the basis of national origin, which it does not, the claim is not directed at any action of Cabarrus County.

First, Plaintiff pleads only "upon information and belief" that Cabarrus County has "recipient status." [DE 21, ¶ 122]. Second, Plaintiff expressly concedes that the program or activity at issue is administered by the Administrative Office of the Courts (AOC) and not Cabarrus County. [DE 21, ¶¶ 118-20]. Finally, Plaintiff does not specifically plead plausible facts that the alleged action occurred

because of his national origin.

Therefore, Plaintiff fails to plead the requisite elements to establish any claim for intentional discrimination on the basis of national origin, and this Court should dismiss Count Four of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

**E. Plaintiff does not allege any actual injury caused by Cabarrus County.**

Plaintiff claims he sustained "actual injury" as he was "unable to obtain rulings on properly filed motions; unable to obtain discovery; unable to preserve the identity of an official who refused to identify himself; unable to understand proceedings conducted in a language he does not speak natively; deprived of the only neutral recording of the events underlying the charge against him; and, thereby impaired in his ability to defend himself." [DE 21, ¶ 98]. Further, he contends he "incurred travel costs to and from multiple courthouse appearances, lost time at appearances that produced no judicial action, and suffered emotional distress." [DE 21, ¶ 99].

Even if Plaintiff could support these alleged injuries, the Amended Complaint fails to attribute any of them to any action of Cabarrus County. Instead, the specific damages, if any, arise from allegations regarding other actors.

Therefore, Plaintiff fails to plead the requisite elements to establish any

claims for injury as against Cabarrus County, and this Court should dismiss Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6).

**F. Claims for Declaratory and Injunctive Relief are unwarranted.**

Plaintiff's claims for declaratory and injunctive relief must too fail as the Amended Complaint fails to state any substantive claim in Counts One through Four.

## CONCLUSION

For the above stated reasons, Defendant Cabarrus County, North Carolina respectfully requests that the Court dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This the 22nd day of September, 2026.

/s/ JAMES D. MCALISTER
Bar No: 35432
McAngus Goudelock & Courie
Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (704) 405-4638
Fax: (704) 643-2376
Email: jmcalister@mgclaw.com
Attorney for Cabarrus County, North Carolina

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document complies with the type-volume limitations of LR 7.3(d) and contains 3,194 words, excluding portions exempted by the Rule.

/s/ James D. McAlister
James D. McAlister

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed the document to the following non CM/ECF participant:

Yehonatan Kapach
13929 Daltrey Lane
Charlotte, North Carolina 28277
*Pro Se* Plaintiff

/s/ James D. McAlister
James D. McAlister