IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:26-CV-649-WO-JEP

| | |
|---|---|
| YEHONATAN KAPACH,<br><br>Plaintiff,<br><br>v.<br><br>CABARRUS COUNTY, NORTH CAROLINA; et al.,<br><br>Defendants | **DEFENDANT CABARRUS COUNTY, NORTH CAROLINA'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITIION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

NOW COMES Defendant, Cabarrus County, North Carolina ("Cabarrus County") by and through undersigned counsel, and in accordance with and LR 7.2 and 7.3, respectfully submits this Reply to Plaintiff's Response in Opposition to Motion to Dismiss Plaintiff's First Amended Complaint [DE 42].

Plaintiff's Response in Opposition does not offer any additional legitimate support to sustain the claims alleged in the First Amended Complaint, and this Court should grant Defendant Cabarrus County's Motion to Dismiss.

## ARGUMENT

The operative pleading before this Court is the First Amended Complaint. As Plaintiff correctly recognizes, "it is well-established that parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir.

2013). Thus, the current review is limited to the allegations contained in the First Amended Complaint (FAC).

## I. PLAINTIFF CONCEDES HIS CLAIMS FOR ALLEGED EQUAL PROTECTION AND TITLE VI VIOLATIONS.

Plaintiff does not offer any argument in support of maintaining Count Three regarding Equal Protection pursuant to 42 U.S.C. § 1983 - Fourteenth Amendment against Cabarrus County. Instead, Plaintiff requests that the Court treat Count Three as moot if leave is granted to amend and "does not oppose dismissal of Count Three" if leave is denied. In either scenario, Plaintiff concedes Count Three in favor of Cabarrus County.

Likewise, Plaintiff puts forth no argument in support of maintaining Count Four regarding intentional discrimination on the basis of national origin, pursuant to Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 2000d against Cabarrus County. Plaintiff indicates that the Court "need not reach the County's Title Vi argument is leave is granted to amend, and "does not oppose dismissal of Count Four" if leave is denied. In either scenario, Plaintiff concedes Count Four in favor of Cabarrus County.

The failure to advance any argument in support of either Count Three or Count Four operates as a waiver and abandonment of those claims as against Cabarrus County. Moreover, for the reasoning espoused in Cabarrus County's Memorandum in Support of Motion to Dismiss First Amended Complaint [DE 27],

Plaintiff pleads no set of facts that state a plausible claim against Cabarrus County. Therefore, this Court should dismiss Count Three and Count Four of Plaintiff's FAC with prejudice.

## II. PLAINTIFF CANNOT ESTABLISH MONELL LIABILITY.

### A. The FAC does not identify any policy, custom, or deliberate conduct.

Plaintiff's Response "clarifies the scope of the allegations as against the County" and indicates that "the County claim stands on the facilities and furniture alone." [DE 42, pp. 15-16]. Plaintiff identifies that N.C. Gen. Stat. § 7A-302 states that courtrooms and related judicial facilities (including furniture) shall be provided by the county, and N.C. Gen. Stat. § 153A-169 states that "the board of commissioners shall supervise the maintenance, repair, and use of all county property. See N.C. Gen. Stat. § 7A-302 and § 153A-169, respectively. However, identifying the statutory authority alone is insufficient to support a claim under Monell. Monell v. Dep't of Social Servs. of New York, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).

Liability can extend to a municipality under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694. "Even if a section 1983 plaintiff can identify the requisite final policymaking authority under state law, a municipality is not liable simply

because a section 1983 plaintiff can 'identify conduct attributable to the municipality.'" Fitch v. Tyrell Cnty., 786 F. Supp. 3d 932, 940 (E.D.N.C. 2025) (citing Riddick v. Sch. Bd. of Portsmouth, 238 F.3d 518, 524 (4th Cir. 2000). A plaintiff must be able to demonstrate the municipality "through its deliberate conduct" was the moving force behind the injury alleged. Fitch, 238 F.3d at 940.

Plaintiff contends that a single decision by those who establish governmental policy may suffice. However, municipal liability under § 1983 attaches "where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). The FAC fails to identify any deliberate, affirmative decision by any official(s) responsible for establishing final policy made among various alternatives with respect to courthouse furniture.

Plaintiff's reliance on Bd. of Comm'rs of Byran Cty. v. Brown is misplaced. 520 U.S. 397 (1997). The Court's reasoning in that case explained that the "municipal action itself" classification applies where that action alone is unconstitutional. Id. at 406. The provision of courthouse furniture is not facially unconstitutional.

**B. No Constitutional Violation.**

The FAC does not plausibly allege a denial of meaningful access or procedural due process. In order to state a procedural due process violation, the plaintiff must set forth a protected liberty or property interest, and deprivation of the interest without due process of law. Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). The FAC simply does not plead facts that establish the deprivation of Plaintiff's right to be heard or actually impact his capacity to participate merely because he must hold his file in his hand or sit without a table while waiting for his case to be called. Tennessee v. Lane is a Title II case that addressed situation in which certain civil litigants were physically prevented from access the courthouse or courtrooms. Tennessee v. Lane, 541 U.S. 509 (2004). It does not stand for the proposition that there is a constitutional entitlement to sit at a table while waiting for the case to be called; nor is the lack of said table a procedural defect. The FAC does not effectively plead any action of Cabarrus County that actually impacts Plaintiff's "capacity to participate" "when the case is called." [DE 21, ¶ 55C].

Additionally, an actionable claim for a due process violation does not arise unless and until the State fails to provide due process. Tri County Paving, Inc. Ashe County, 281 F.3d 430, 437 (4th Cir. 2002). The operative pleadings remains the FAC, in which Plaintiff indicates the underlying traffic proceeding remains

pending. [DE 21, ¶ 34]. Thus, Plaintiff has not actually been denied an opportunity to be heard.

Therefore, because the FAC fails to allege facts sufficient to state a claim with respect to Monell liability under Count One or Count Two, this Court should dismiss the FAC pursuant to Rule 12(b)(6).

### III. PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF ALSO FAIL.

Plaintiff does not appear to challenge the contention that Count Five must fail if the substantive claims (Counts One through Four) fail. Instead, Plaintiff claims that "Counts One and Two state a claim against the County." [DE 42, p. 21]. Plaintiff abandons Claim Three and Claim Four against Cabarrus County, and the FAC fails to state a viable claim against Cabarrus County in Count One or Count Two. Therefore, this Court should dismiss Count Five of the FAC.

## CONCLUSION

For the above stated reasons, as well as those originally addressed in Cabarrus County's Memorandum in Support of Motion to Dismiss Plaintiff's First Amended Complaint [DE 27], Cabarrus County respectfully requests that this Court dismiss Plaintiff's First Amended Complaint [DE 21] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This the 12th day of November, 2026.

/s/ JAMES D. MCALISTER
Bar No: 35432
McAngus Goudelock & Courie
Post Office Box 30307
Charlotte, North Carolina 28230
Phone: (704) 405-4638
Fax: (704) 643-2376
Email: jmcalister@mgclaw.com
Attorney for Cabarrus County, North Carolina

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing document complies with the type-volume limitations of LR 7.3(d) and contains 1,233 words, excluding portions exempted by the Rule.

/s/ James D. McAlister
James D. McAlister

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed the document to the following non CM/ECF participant:

Yehonatan Kapach
13929 Daltrey Lane
Charlotte, North Carolina 28277
*Pro Se* Plaintiff

/s/ James D. McAlister
James D. McAlister